## deNunez v. Nunez

*Franklin J. Seyfert,* for plaintiff.
*William S. Sullivan, Jr.,* for defendant.

SWENEY, P.J., August 19, 1970.—This opinion is necessary because defendant has appealed to the Superior Court of Pennsylvania our decision awarding custody of Jorge Antonio Nunez, nearly three years old, to Myriam Pesquera deNunez, his mother.

This is an action of habeas corpus for the custody of a child. Defendant filed preliminary objections raising the question as to whether this court has jurisdiction of the parties herein, since both are citizens of the Republic of Venezuela with domicile in the City of Caracas; that the parties are in the United States since August 29, 1966, on a visa issued August 24, 1966, and regularly renewed thereafter; that the parties were in the United States to complete defendant's education and, at all times, intended to return to Venezuela; that defendant has procured employment in Caracas and desires to return thereto but plaintiff insists upon staying in the United States and becoming a citizen of this country.

We dismissed the preliminary objections and proceeded with testimony.

In our decree, we found certain facts which are undisputed. The child in question was born in the United States and presently lives with his mother in Delaware County. This court has jurisdiction of the parties, since defendant was served by a writ of habeas corpus and appeared for hearing and testified. We have no trouble with the question of jurisdiction.

The criminal division of this court has entered an order for support of the minor child against defendant.

These young people came to the United States so that the husband might continue his education. They have been here for four years and in that time the wife discovered that women have more rights here than in Venezuela; that, under the laws of Venezuela, her husband has the right to determine the custody of the child. As a consequence, the wife refuses to return to her home country, has applied for a divorce, support for her child and citizenship in this country. The husband attempted to remove the child from this country by subterfuge but ' the attempt was successfully blocked.

Both of these young people are intelligent and personable. The mother has convinced us that she is well able to care for herself and her son, with or without support from her husband.

These people come from wealthy families and are among the elite in Caracas society. We will await the decision of the Superior Court with interest but we are convinced that the best welfare of the child will be brought about by his mother having custody.

One place we slipped. In fixing the bond as a guarantee for the safe return of the child from vacation with his father at $5,000, we completely overlooked the fact that this amount of bond would be a

small price to pay for possession of this child. As a consequence, if our order is allowed to stand, we will substantially increase the amount of the bond.

We again call attention to the fact that no reason for an appeal has been filed with us and as a consequence we can only guess at the reasons for the appeal.